IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM DEE CARTER,

        Plaintiff

VS.

CO II JOHNSON,

        Defendant

NO. 5:05-CV-182 (HL)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## ORDER AND RECOMMENDATION

Plaintiff WILLIAM DEE CARTER, acting *pro se*, filed the above-styled complaint on June 7, 2005. Tab # 1. The case was initially referred to the undersigned magistrate judge for consideration. Tab # 2. On August 23, 2005, the undersigned granted plaintiff's motion for leave to proceed *in forma pauperis* but did not direct service on the defendants. Instead, plaintiff was directed to supplement his complaint; he did so on September 6, 2005. Tabs # 4, #5, & #6. Four months later, on January 11, 2006, attorney McNeill Stokes filed a NOTICE of Attorney Appearance on behalf of plaintiff. Tab # 7. On June 7, 2006, the undersigned granted plaintiff's motion to file an amended complaint and directed that service be made upon the only defendant who was named in the restated complaint, "COIL JOHNSON." Tab # 10.

On June 26, 2006, the Process Receipt and Return was returned UNEXECUTED as to defendant JOHNSON. Tab # 14. There was then no activity in this case for over **a year and a half**, until January 2, 2008, when the magistrate judge issued an Order directing plaintiff to show cause why the case should not be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute. Tab # 15. Counsel for plaintiff responded to the magistrate judge's Order on February 1, 2008, and requested additional time to locate the defendant who had been misidentified in both the initial complaint and in the amended complaint filed by counsel.[1] Tab # 16.

---

[1] The complaint, initially and as amended, named "COIL" JOHNSON as the defendant. Upon investigation, counsel for plaintiff now believes that the correct party to be sued is "CO II" PATRICK JOHNSON. The mix-up is grounded in misidentifying the correctional officer's title "CO II" as the first name of the officer, to-wit, "Coil."

In an Order dated April 8, 2008, the undersigned afforded plaintiff until May 1, 2008, in which to *locate and serve* defendant Johnson. Tab # 17. On April 26, 2008, plaintiff filed a Motion for Order Declaring That Service Has Been Prefected [sic]. Tab # 19. After being requested to do so by the court, an assistant attorney general for the State of Georgia addressed plaintiff's contentions as to service. Tab # 21. Plaintiff did not file a reply.

Plaintiff's April 26th motion argues that service was made on Assistant Warden John Harper at Georgia Classification and Diagnostic Prison who allegedly told the server that he believed the party plaintiff intended to sue was named PATRICK JOHNSON. The Assistant Warden also advised the server that PATRICK JOHNSON was no longer employed by the Department of Corrections and was currently deployed to Iraq. Plaintiff's motion "submit[s] that service was accepted and transmitted to the Office of the Attorney General on behalf of the defendant." Tab # 19 at ¶8.

A review of the Federal Rules of Civil Procedure indicates that an individual may be served by either complying with the state service procedures, which in Georgia would entail, in pertinent part, serving

> the defendant personally, or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process,

O.C.G.A. §9-11-4(e)(7), or by

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). In the instant case, there is no contention that service was attempted at an individual's dwelling [house] or usual place of abode. Therefore, plaintiff must demonstrate that he delivered the complaint to an agent *authorized* to receive service of process. He has failed in this regard.

Plaintiff Carter avers that "Assistant Warden John Harper accepted the Summons and Restated Complaint stating that he would forward the Summons and Restated Complaint to the Office of Attorney General that acts as attorneys for all corrections officers sued for civil rights actions alleged to be under color of law." (Tab # 19 at ¶6) However, plaintiff has provided no support for the proposition that an assistant warden at defendant's *former* place of employment is authorized to receive such service on a defendant's behalf. Accordingly, plaintiff's Motion for Order Declaring That Service Has Been Prefected [sic] (Tab # 19) is **DENIED**.

Furthermore, Rule 4(m) of the Federal Rules of Civil Procedure sets forth the time limit for service of a summons:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period . . .

Plaintiff Carter has had more than sufficient time to properly name and serve the individual he claims violated his constitutional rights. As noted above, this case has been pending for almost three years. Two and one half years have elapsed since counsel entered an appearance on behalf of the plaintiff. Rather than recommending back in January that this action be dismissed pursuant to Rule 4 or Rule 41, the undersigned afforded plaintiff additional time to perfect service on the defendant. Such service has not been made, and at his juncture, dismissal is appropriate.[2] IT IS SO RECOMMENDED.

---

[2] The undersigned notes further that it is still a matter of conjecture whether "Patrick" Johnson is actually the person plaintiff wishes to sue.

Pursuant to 28 U.S.C. §636(b)(1), the plaintiff may file written objections to this RECOMMENDATION with the Clerk of court directed to the district judge assigned to this case, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED, this 4th day of JUNE, 2008.



                         CLAUDE W. HICKS, JR.
                         UNITED STATES MAGISTRATE JUDGE